```
                UNITED STATES DISTRICT COURT
                   DISTRICT OF NEW JERSEY
_____
                              :
MARLON GONZALEZ,              :
                              :
          Petitioner,         :    Civ. No. 20-18682 (NLH)
                              :
     v.                       :
                              :
DAVID ORTIZ,                  :    OPINION
                              :
          Respondent.         :
_____:
```

APPEARANCES:

Marlon Gonzalez
22698-014
Fort Dix Federal Correctional Institution
PO Box 2000
Joint Base MDL, NJ 08640

    Petitioner pro se

Elizabeth Pascal
U.S. Department of Justice Office of the U.S. Attorney
401 Market Street
PO Box 2098
Camden, NJ 08101

    Counsel for Respondent

HILLMAN, District Judge

    I.    INTRODUCTION

    Petitioner, Marlon Gonzalez ("Petitioner" or "Gonzalez"), is a federal prisoner currently incarcerated at F.C.I. Fort Dix in Fort Dix, New Jersey.  He has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  ECF Nos 1 & 4. Petitioner alleges F.C.I. Fort Dix's failure to properly address

the novel coronavirus COVID-19 pandemic has put him at increased risk of harm. The United States opposes the petition. Among the arguments it makes is that this Court lacks jurisdiction under § 2241 to address the conditions of confinement. See ECF 7. Also pending before this Court are Petitioner's motion to supplement his habeas petition, see ECF 9, and Petitioner's motion to expand the record. See ECF 10. These two motions will be granted, but Petitioner's habeas petition will be denied without prejudice for the reasons that follow.

II. BACKGROUND

Petitioner pled guilty in the United States District Court for the District of Connecticut to one count of conspiracy to possess with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846. United States v. Gonzalez, No. 14-cr-225-1, ECF 355. On January 29, 2016, Petitioner received a sentence of 120 months imprisonment to be followed by four years of supervised release. See id. at 1. Petitioner did not file a direct appeal. Assuming Petitioner receives all good conduct time owed to him, he is due to be released from federal incarceration on June 28, 2023. See ECF 7 at 11.

In May, 2020, Petitioner filed a motion for compassionate release pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A), in the District of Connecticut. See Gonzalez,

2

14-cr-225-1, ECF 547.  Thereafter, Petitioner submitted an amended motion for compassionate release in June, 2020.  See id. ECF 554.  Petitioner sought compassionate release due to the ongoing COVID-19 pandemic.[1]  The United States opposed Petitioner's request for compassionate release.  See id. ECF 555.

On July 17, 2020, the District of Connecticut denied Petitioner's motion for compassionate release.  See id. ECF 557.  That court found Petitioner had "not provided an extraordinary or compelling reason" to grant him compassionate release.  See id. at 4.  Most notably, the Court determined Petitioner did not have a medical condition that made him especially vulnerable to COVID-19 and that he had not shown that F.C.I. Fort Dix was taking inadequate precautions against the spread of the virus.  See id. at 4-5.  Petitioner's motion for reconsideration was then also denied by the District of Connecticut in October, 2020.  See id. ECF 579.

After Petitioner's compassionate release proceedings were complete in the District of Connecticut, in December, 2020, Petitioner filed his § 2241 habeas petition in this Court.  See

---

[1] "COVID-19 requires no introduction: the novel coronavirus causing this disease has spread around the world, resulting in an unprecedented global pandemic that has disrupted every aspect of public life."  Mays v. Dart, 974 F.3d 810, 814 (7th Cir. 2020).

ECF 1 & 4.  Petitioner notes he fears for his safety and contracting COVID-19 due to the conditions of his confinement at F.C.I. Fort Dix.  Some of the issues raised by Petitioner in claiming F.C.I. Dix's poor performance in managing the pandemic include the following:

1. Intermingling inmate laundry
2. Crowded shared sleeping spaces
3. Officers failing to wear approved masks rather than their own masks or failing to wear masks altogether
4. Failing to quarantine asymptomatic inmates
5. Large groups standing in line for meals
6. Lack of temperature checks

The United States opposes Petitioner's habeas petition.  See ECF 7.  The United States makes the following arguments in its opposition brief:

1. This Court lacks subject matter jurisdiction over Petitioner's § 2241 habeas petition
2. Petitioner failed to exhaust administrative remedies
3. The habeas petition should be denied based on res judicata
4. The conditions of confinement do not violate the Constitution

Thereafter, in January, 2021, Petitioner filed a reply in support of his habeas petition.  See ECF 8.  In his reply,

4

Petitioner states F.C.I. Fort Dix has become the worst COVID-19 affected federal prison in the United States.  See id. at 6.

Subsequently, in February and March, 2021, respectively, Petitioner filed a motion to supplement and motion to expand the record.  See ECF 9 & 10.  Among the issues raised by Petitioner in these filings was that the movement of inmates within the facility further increased his risk of harm due to COVID-19.  This Court sees no reason to prevent Petitioner from expanding the record; thus, both motions will be granted.

So this Court would have a more up-to-date picture on what is transpiring at F.C.I. Fort Dix and considering the information provided by Petitioner in his motions to expand the record, the United States was ordered to respond to Petitioner's motions to supplement and did so on April 22, 2021.  See ECF 12.  In its supplemental response, the United States included a declaration from James Reiser, the case management coordinator at F.C.I. Fort Dix.  See ECF 12-1.  Mr. Reiser's declaration states in part as follows:

> 2. As of April 22, 2021, the institution currently has 6 inmates positive for the COVID-19 virus.  According to the Health Services Administrator, all eligible inmates have been offered the vaccine as of March 25, 2021.  Those who did not fall into the "eligible" category at that time include inmates who were in isolation after testing positive for COVID-19, inmates who have since transferred to the institution, inmates in release quarantine (scheduled to

>release from the institution), and inmates who have received the monoclonal antibodies within the last 90 days.  Newly eligible inmates will be offered the vaccine as additional supplies are received.  Approximately 1,500 inmates at the institution have been fully vaccinated to date.
>
>3. With respect to inmate movement between compounds, occasional inmate movement is necessary.  Prior to any movement, the transferring inmate is quarantined for a period of at least 14 days.

See id. at 2-3.  The United States also included Petitioner's health care records which indicated he refused the COVID-19 vaccine on January 20, 2021.  See ECF 12-3 at 6-7.

In May, 2021, Petitioner filed a response to the United States' April, 2021 supplemental response.  See ECF 13.  Petitioner gives context for his refusal of the vaccine in January, 2021.  Most notably, Petitioner explains he was already experiencing COVID-19 symptoms when the vaccine was offered to him in January, 2021.  See id. at 2.  A subsequent COVID-19 test result on February 2, 2021 confirmed that Petitioner was positive for COVID-19.  See id.  Thus, according to Petitioner, he was therefore unable to take the COVID-19 vaccine at the time it was offered to him in January, 2021.  See id. at 3.  Additionally, Plaintiff asserted his COVID-19 symptoms continue to persist.  See id.  Furthermore, Petitioner states inmates are

6

still moving between housing units with no fourteen-day quarantine.  See id. at 7.

   III. DISCUSSION

 "A person in federal custody may petition for a writ of habeas corpus under [28 U.S.C. § 2255] or Section 2241, depending on the nature of the challenge: 'a federal prisoner's challenge to the execution of a sentence is properly filed pursuant to [Section] 2241, rather than Section 2255, because Section 2255 allows a federal prisoner to challenge only the legality of the original imposition of a sentence.'" Llewellyn v. Wolcott, No. 20-498, 2020 WL 2525770, at *3 (W.D.N.Y. May 18, 2020) (emphasis omitted) (first alteration added) (quoting James v. Walsh, 308 F.3d 162, 166 (2d Cir. 2002)).  Petitioner does not challenge the validity of his original conviction and sentence; therefore, if this Court has habeas jurisdiction over the petition, it must originate from § 2241.

  Section 2241 states in relevant part that "[t]he writ of habeas corpus shall not extend to a prisoner unless [h]e is in custody under or by color of the authority of the United States or ... [h]e is custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. §§ 2241(c)(1), (3).  Here, Petitioner asserts he must be released from custody because the conditions at Fort Dix violate the Constitution. Like his motion for compassionate release filed in the District

7

of Connecticut, however, Petitioner does not allege any underlying medical conditions that make him especially or extraordinarily susceptible to the effects of a COVID-19 infection.

The plain text of § 2241 would appear to permit a habeas challenge such as Petitioner's, but there is a spilt among the courts that have considered the question during the COVID-19 crisis.  See, e.g., Wilson v. Williams, 961 F.3d 829, 837 (6th Cir. 2020) ("To the extent petitioners argue the alleged unconstitutional conditions of their confinement can be remedied only by release, 28 U.S.C. § 2241 conferred upon the district court jurisdiction to consider the petition."); Houck v. Moser, No. 20-255, 2021 WL 1840827, at *1 (W.D. Pa. May 7, 2021) ("[H]abeas corpus is not an available remedy to a convicted federal defendant seeking release from BOP custody based on a claim of unconstitutional conditions of confinement, even conditions resulting from a pandemic ...."); Llewellyn, 2020 WL 2525770, at *4 (finding jurisdiction under § 2241 because petitioner "seeks only immediate release from physical custody" putting his claims "squarely within th[e] traditional scope of habeas corpus." (alteration in original)); Evil v. Whitmer, No. 20-343, 2020 WL 1933685, at *3 (W.D. Mich. Apr. 22, 2020) ("But, the relief Petitioner seeks — release from custody — is available only upon habeas corpus review.  A challenge to the

fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action ....").

Neither the Supreme Court nor the Third Circuit have issued a precedential decision regarding convicted and sentenced federal prisoners' ability to seek release via a writ of habeas corpus due to unconstitutional conditions of confinement, but dicta from the Supreme Court suggests it is theoretically possible. "It is clear ... from the common-law history of writ, that the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973); see also Ziglar v. Abbasi, 137 S. Ct. 1843, 1862 (2017); Bell v. Wolfish, 441 U.S. 520, 526, n.6 (1979). In Preiser, the Supreme Court acknowledged that allegations of unconstitutional treatment and prison conditions have traditionally been limited to civil rights actions, but "[t]his is not to say that habeas corpus may not also be available to challenge such prison conditions. When a prisoner is put under additional and unconstitutional restraints during his lawful custody, it is arguable that habeas corpus will lie to remove the restraints making the custody illegal." 411 U.S. at 499.

The Third Circuit relied on Preiser in its precedential decision in Hope v. Warden York Cty. Prison, 972 F.3d 310 (3d Cir. 2020), which allowed immigration detainees to challenge their COVID-19-related conditions of confinement under § 2241. "The traditional function of the writ of habeas corpus is to secure release from unlawful executive detention. Where a petitioner seeks release from detention, habeas ... is proper." Hope, 972 F.3d at 323. "Given the extraordinary circumstances that existed in March 2020 because of the COVID-19 pandemic, we are satisfied that their § 2241 claim seeking only release on the basis that unconstitutional confinement conditions require it is not improper." Id. at 324-25. Other courts in this District have assumed that Hope applies to convicted prisoners as well. See, e.g., Aigebkaen v. Warden, No. 20-5732, 2020 WL 6883438, at *4 (D.N.J. Nov. 24, 2020); Byrne v. Ortiz, No. 20-12268, 2020 WL 7022670, at *3 (D.N.J. Nov. 30, 2020). The Third Circuit declined to decide in Hope "whether a § 2241 claim may be asserted in less serious circumstances." Hope, 972 F.3d at 325 n.5.

Considering Preiser and Hope, this Court is persuaded that convicted federal prisoners are not automatically barred from filing § 2241 petitions challenging their conditions of confinement but may do so only in extremely limited circumstances. "As the Supreme Court has instructed: 'habeas

10

corpus is an extraordinary remedy whose operation is to a large extent uninhibited by traditional rules of finality and federalism, its use has been limited to cases of special urgency, leaving more conventional remedies for cases in which the restraints on liberty are neither severe nor immediate.'" Hope, 972 F.3d at 324 (quoting Hensley v. Mun. Court, San Jose Milpitas Judicial Dist., 411 U.S. 345, 351 (1973)).  However, this Court concludes that convicted and sentenced federal prisoners may only resort to a habeas remedy under § 2241 for allegedly unconstitutional conditions of confinement in situations when no action short of release would be sufficient to prevent irreparable constitutional injury.  See Wilson v. Williams, 961 F.3d 829, 838 (6th Cir. 2020) ("Our precedent supports the conclusion that where a petitioner claims that no set of conditions would be constitutionally sufficient the claim should be construed as challenging the fact or extent, rather than the conditions, of the confinement.").  Petitioner has not shown that such conditions are present at FCI Fort Dix.

At the outset, this Court notes Petitioner comes forward with no underlying medical conditions that make him more susceptible to the possible damaging effects of COVID-19.  While this in and of itself may be enough to establish Petitioner has not shown the type of "extraordinary circumstances" to warrant granting federal habeas relief, Petitioner's allegations

11

regarding the conditions at F.C.I. Fort Dix alone also fail to make the necessary "extraordinary circumstances" showing.

As previously noted, Petitioner argues that F.C.I. Fort Dix conditions such as the following warrant granting his request for release from incarceration under the habeas statute: (1) the facility lacks proper social distancing; (2) the facility has improper procedures regarding quarantining and transfer of inmates within the facility; (3) the facility's employees wear improper masks or no masks at all; (4) the facility lacks temperature checks; and (5) inmate laundry is comingled. Based on these allegations, Petitioner presumably has other avenues of relief besides an order directing his release from incarceration. For example, Petitioner fails to explain why he could not bring a civil rights action seeking injunctive relief to address the purportedly unconstitutional conditions.[2]

This Court also notes since Petitioner filed this habeas petition in late 2020 that COVID-19 vaccines have become readily

---

[2] In Ziglar v. Abbasi, 137 S. Ct. 1843 (2017) the Supreme Court stated that expanding the remedy announced in Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) "is now a 'disfavored' judicial activity." 137 S. Ct. at 1857. However, the Supreme Court also noted that suits seeking only injunctive relief are acceptable alternatives to damages suits and are not subject to the "special factors" analysis set forth in Abbasi. Id. at 1862-63. Moreover, while not opining on the merits of any future matter, the Court notes that an action seeking injunctive relief for deliberate indifference to a serious medical need is a heartland Bivens claim rather than an extension of such a claim.

available to inmates in F.C.I. Fort Dix.  The parties dispute whether Petitioner either refused receiving a vaccine in January, 2021, or if he was not eligible to receive a vaccine at that time due to his COVID-19 symptoms and subsequent positive COVID-19 diagnosis.  However, as Mr. Reiser's declaration makes clear, and Petitioner does not contest, non-eligible inmates will be able to receive vaccines once they become eligible. Petitioner does not assert that he is now eligible for the vaccine and if he is now eligible, that he has requested a vaccine but not been provided one.

Finally, it is worth reiterating that Petitioner has now tested positive for COVID-19.  While certainly unfortunate, Petitioner comes forward with no allegations that he is not receiving adequate medical care at F.C.I. Fort Dix to treat his symptoms or that his symptoms are so severe as to warrant release in and of themselves.

Given these circumstances, Petitioner has not shown the extraordinary circumstances necessary to invoke this Court's habeas jurisdiction because Petitioner has not shown that there are no other actions F.C.I. Fort Dix can take to protect him other than releasing him from custody.  The habeas petition is therefore denied without prejudice.[3]

---

[3] Because Petitioner fails to show extraordinary circumstances to warrant this Court invoking habeas jurisdiction, this Court need

13

IV. CONCLUSION

For the foregoing reasons, Petitioner's motions to supplement and expand the record, ECF 9 & 10, will be granted. Petitioner's habeas petition will be denied without prejudice. An appropriate order will be entered.


Dated: August 26, 2021                    s/ Noel L. Hillman
At Camden, New Jersey              NOEL L. HILLMAN, U.S.D.J.

---

not entertain the remaining arguments the United States has raised in opposing Petitioner's habeas petition.

14