```
                UNITED STATES DISTRICT COURT
                   DISTRICT OF NEW JERSEY
_____
                            :
MARLON GONZALEZ,            :
                            :
        Petitioner,         :   Civ. No. 20-18682 (NLH)
                            :
     v.                     :
                            :
DAVID ORTIZ,                :   OPINION
                            :
        Respondent.         :
_____:
```

APPEARANCES:

Marlon Gonzalez
22698-014
Fort Dix Federal Correctional Institution
PO Box 2000
Joint Base MDL, NJ 08640

    Petitioner pro se

Philip R. Sellinger, United States Attorney
Elizabeth Pascal, Assistant United States Attorney
U.S. Department of Justice Office of the U.S. Attorney
401 Market Street
PO Box 2098
Camden, NJ 08101

    Counsel for Respondent

HILLMAN, District Judge

I.    INTRODUCTION

    Petitioner Marlon Gonzalez, a federal prisoner currently incarcerated at F.C.I. Fort Dix, New Jersey, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 alleging that FCI Fort Dix put him at increased risk of harm due to its failure to properly address the novel coronavirus COVID-19

pandemic. ECF Nos 1 & 4. The United States opposed the petition. The Court dismissed the petition for lack of jurisdiction under § 2241. ECF No. 15. In dismissing the petition, the Court noted that Petitioner "fail[ed] to explain why he could not bring a civil rights action seeking injunctive relief to address the purportedly unconstitutional conditions." ECF No. 14 at 12.

Petitioner now asks the Court to resubmit his § 2241 petition as a civil rights complaint under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). ECF No. 16. The United States has not filed any opposition to the motion. The Court construes this as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b) and will deny the motion.

II. BACKGROUND

Petitioner pled guilty in the United States District Court for the District of Connecticut to one count of conspiracy to possess with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846. United States v. Gonzalez, No. 14-cr-225-1 ("Crim. Case"), ECF 355. On January 29, 2016, Petitioner received a sentence of 120 months imprisonment to be followed by four years of supervised release. See id. at 1. Petitioner did not file a direct appeal. Assuming Petitioner receives all good conduct time owed to him,

2

he is due to be released from federal incarceration on June 28, 2023.  See ECF No. 7 at 11.

In May 2020, Petitioner filed a motion for compassionate release pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A), in the District of Connecticut.  Crim. Case ECF No. 547.  On July 17, 2020, the District Court denied Petitioner's motion, finding that Petitioner had "not provided an extraordinary or compelling reason" to grant him compassionate release.  Crim. Case ECF No. 557 at 4.  Most notably, the District Court determined Petitioner did not have a medical condition that made him especially vulnerable to COVID-19 and that he had not shown that FCI Fort Dix was taking inadequate precautions against the spread of the virus.  See id. at 4-5.  The District Court denied Petitioner's motion for reconsideration in October 2020.  See id. ECF 579.

Petitioner filed his § 2241 habeas petition in this Court in December 2020.  ECF Nos. 1 & 4.  Petitioner stated he feared for his safety and contracting COVID-19 due to the conditions of his confinement at F.C.I. Fort Dix.  Among other reasons, the United States opposed the petition on the grounds that the Court lacked jurisdiction under § 2241.  ECF 7.

This Court dismissed the petition for lack of § 2241 jurisdiction on August 26, 2021.  ECF No. 15.  The Court concluded that other remedies short of release, such as a civil

3

rights action seeking injunctive relief, were available to Petitioner. ECF No. 14 at 11-14. Accordingly, the Court lacked jurisdiction under § 2241. Id. at 14.

Petitioner now asks the Court "to construe the prior motions under a Bivens/deliberate indifference lens, and respectfully requests that the Court order the Government to respond to these claims under this new standard." ECF No. 16. Petitioner does not indicate on which rule he bases his motion, so the Court construes the motion as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(6). The United States has not filed any opposition to the motion.

III. STANDARD OF REVIEW

Rule 60(b)(6) permits a court to relieve a party from a final judgment for any reason that justifies relief. "The standard for granting a Rule 60(b)(6) motion is a high one. The movant must show 'extraordinary circumstances' to justify reopening a final judgment." Michael v. Wetzel, 570 F. App'x 176, 180 (3d Cir. 2014) (quoting Gonzalez v. Crosby, 545 U.S. 524, 536 (2005)). "[A] showing of extraordinary circumstances involves a showing that without relief from the judgment, 'an "extreme" and "unexpected" hardship will result.'" Budget Blinds, Inc. v. White, 536 F.3d 244, 255 (3d. Cir. 2008) (quoting Mayberry v. Maroney, 558 F.2d 1159, 1163 (3d Cir. 1977)). "But extraordinary circumstances rarely exist when a

4

party seeks relief from a judgment that resulted from the party's deliberate choices." Id.

IV. DISCUSSION

Petitioner asks the Court to recharacterize his § 2241 petition and "to construe the prior motions under a Bivens/deliberate indifference lens . . . ." ECF No. 16 at 3. The Court declines to do so.

There are significant differences in the filing requirements for habeas actions and civil rights actions, including the requirement that prisoners bringing civil actions against government employees and entities must comply with the Prison Litigation Reform Act ("PLRA") before bringing suit. See 42 U.S.C. § 1997e. The Court will not convert the current action into a civil rights action, but Petitioner may file a civil rights action on his own if he so chooses. As Petitioner has the option to file a civil suit requesting injunctive relief,[1] the Court concludes there are no extraordinary circumstances warranting relief under Rule 60(b)(6).

V. CONCLUSION

For the foregoing reasons, Petitioner's motion to resubmit the petition as a civil rights claim, which the Court construes

---

[1] The Court makes no findings as to whether Petitioner has otherwise complied with the PLRA.

5

as a motion under Rule 60(b)(6), will be denied.  An appropriate order will be entered.

Dated: March 31, 2022          s/ Noel L. Hillman
At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.